WILFRED H. CUNNINGHAM v. ANNA B. CUNNINGHAM.

**Ohio Courts without Power to Grant Divorce to Party to Action for Divorce Granted by Court in Sister State on Actual Service.**

Where a court of a sister state, having jurisdiction of the subject-matter of the action and of the parties by actual service, grants a divorce to one of the parties thereto, the courts of this state are without power thereafter to grant a divorce to one of the parties to the former action.

[Syllabus by the court.]

ERROR.

*King & Ramsey,* for plaintiff in error.
*Graves, Stahl & Duff,* for defendant in error.

## CHITTENDEN, J.

The plaintiff, Anna B. Cunningham, brought an action in the common pleas court of this county against the defendant, Wilfred H. Cunningham, in which she prayed for a divorce from the defendant upon the ground of extreme cruelty. The defendant filed an answer in which he admitted the marriage of the plaintiff and the defendant at the time set forth in the petition, and that one child had been born of the marriage, and denied each and every other allegation in the plaintiff's petition contained. For a further defense the defendant alleged that in an action brought in the court of common pleas of Montgomery county, in the Commonwealth of Pennsylvania, by the defendant against the plaintiff, the plaintiff therein, Wilfred H. Cunning-

Cunningham v. Cunningham.

ham, prayed for a divorce from the said Anna B. Cunningham, and that on November 6, 1915, the court of common pleas of Montgomery county, Pennsylvania, rendered its judgment and decree granting to the plaintiff therein, Wilfred H. Cunningham, a divorce for the aggressions of the respondent therein, Anna B. Cunningham. It was further pleaded that such court of common pleas was a court of general jurisdiction and that the judgment of divorce granted therein was in full effect. No reply was filed to this answer.

Upon the trial of the case in the common pleas court of this county the plaintiff was called as a witness and testified in her own behalf and at the conclusion of her evidence the plaintiff rested. Thereupon the defendant made a motion to dismiss the petition on the ground that the plaintiff had furnished no corroboration of her testimony, such motion being based upon the statutory provision that a divorce shall not be granted upon the uncorroborated testimony of a party to the action. The motion being overruled, the defendant introduced in evidence a complete transcript of the record and papers in the proceedings had in the court of common pleas of Montgomery county, Pennsylvania, in the case referred to in his answer. This transcript of the record of that case was duly authenticated according to law. It was also conceded that there is a statute in the state of Pennsylvania which provides that where a divorce is granted upon the ground of adultery the party so being found guilty of adultery shall not, during the lifetime of the divorced husband or wife, marry the person with whom the adultery was committed. The defendant then renewed his motion to dismiss the petition on several grounds, the principal ones among them being that the evidence showed that the plaintiff had not been a resident of the state of Ohio for a year immediately preceding the commencement of the action, and that her testimony had not been corroborated. Thereupon the court overruled the motion of the defendant and proceeded to grant to the plaintiff a decree of divorce upon the ground of extreme cruelty as charged in her petition. Motion for new trial was filed and overruled by the court, to which action of the court the defendant excepted. The

proceeding in this court is for the purpose of reversing the judgment of the common pleas court.

The first question presenting itself is as to whether or not this court has jurisdiction to review the judgment of the common pleas court on error. It is claimed that the decision in *Parish* v. *Parish*, 9 Ohio St. 534 [75 Am. Dec. 482], is authority against the jurisdiction of this court to make such a review of this case. The case of *Parish* v. *Parish*, determined that a decree of divorce, although obtained by fraud and false testimony, could not be set aside on an original bill filed at a subsequent term. This decision was based upon the proposition that sound public policy requires that a judgment or decree which affects directly the status of married persons by sundering the matrimonial tie and thereby enabling them to contract new matrimonial relations with other and innocent persons should never be reopened. It was said in the course of the opinion that "such a course would endanger the peace and good order of society, and the happiness and well-being of those who, innocently relying upon the stability of a decree of a court of competent jurisdiction, have formed a connection with the person who wrongfully, perhaps, secured its promulgation." At the time of this decision there was a statute which provides that, "No appeal shall be obtained from the decree but the same shall be final and conclusive." This statutory provision was said by the court to be nothing more than a recognition of the principle of public policy just mentioned. That provision of the statutes no longer remains a part of the statutory law of this state, but since its elimination the Supreme Court, in the case of *Mulligan* v. *Mulligan*, 82 Ohio St. 426, affirmed the doctrines announced in the case of *Parish* v. *Parish*, the Supreme Court reversing the decision of the circuit court of the third district *Mulligan* v. *Mulligan*, 31 O. C. C. 89 (11 N. S. 585).

It is clear that the Supreme Court has steadily adhered to the general principle announced in *Parish* v. *Parish*. An examination of the record in the case at bar discloses facts which present an entirely different problem for solution. In the Parish case the action was directed to the annulling of a decree that had theretofore been granted divorcing the parties to the

Cunningham v. Cunningham.

action. In the case at bar the evidence shows that by the action of the common pleas court of Montgomery county, Pennsylvania, a court of general jurisdiction which had jurisdiction of the subject-matter and of the parties, a decree had been rendered in favor of the plaintiff in that case and against the defendant. The defendant in that case, plaintiff herein, had filed an answer in which she denied the charges of adultery made against her by the complainant in that action. The exemplified record of the proceedings in that case shows that upon the evidence adduced at the trial the court found her guilty as charged and a divorce was accordingly granted to the husband. The effect of this decree was to fix positively the legal status of the parties so far as their matrimonial relations are concerned. This status having been fixed by a severing of the matrimonial relation, public policy forbids any court to interfere with the status thus fixed. We think that upon this ground of public policy, as well as upon other grounds, the court of common pleas of Ottawa county was precluded from entering another decree undertaking to fix their legal status so far as their matrimonial relations were concerned.

Another reason most apparent why the court of common pleas of Ottawa county had no jurisdiction to enter a decree in this case is that the question of their marital status had been fully and completely adjudicated in the courts of Pennsylvania and the matter was *res adjudicata*. The evidence of the decree was before the court in a proper exemplification of the record of that case, and in no sense disputed, and the court was bound, under the full faith and credit clause of the federal constitution, to recognize such decree and regard it as a final adjudication of all questions that were or might have been litigated in that action. It follows also from what has been said that the parties having been theretofore legally divorced there was no marriage relation existing which the trial court in Ottawa county could by a decree undertake to sever, and its action was a nullity in so far as it attempted to grant an additional divorce. *Cooper* v. *Cooper*, 7 Ohio (pt. 2) 239.

It is contended that the decree of divorce granted in Pennsylvania was not absolute and that, therefore, the Ohio courts

had jurisdiction to hear and determine the question as to whether or not the plaintiff herein was entitled to an absolute divorce. The Pennsylvania decree is conceded to be absolute except for the following provision in the concluding paragraph thereof: "And the said parties shall be severally at liberty to marry again in like manner as if they had never been married, except as forbidden by the act of assembly of March 13, 1815." The act referred to in the decree is the one which prohibits marriage in the state of Pennsylvania between the adulterous parties during the lifetime of the injured husband or wife. It is not contended that this restriction upon the right to remarry is in force or operation outside of the state of Pennsylvania, nor is it contended that a marriage in contravention of this act entered into legally outside the state would not thereafter be recognized as a valid marriage if the parties subsequently removed to the state of Pennsylvania. The parties to the action in Pennsylvania having both been in court they were bound by the decree with whatever conditions the court there saw fit to attach, and this condition, to the extent indicated in this opinion, is as valid and binding upon the parties as any other portion of the judgment or decree and should be so recognized by the courts of sister states. It would seem that the adding of this condition to the decree did not change the situation from what it would have been had it not been added. The statutes of Pennsylvania provide that marriage shall not take place under the conditions heretofore mentioned and it is the statute which expresses the public policy of the state in that respect which precludes the marriage. The condition in the decree is only incorporated into it so that it may not be contended that the court was attempting to make its decree of divorce any broader than the statutes allowed.

It is entirely evident that the decree entered by the trial court in the case at bar was also erroneous because of the statutory provisions of this state which preclude the entering of such a decree upon the uncorroborated testimony of a party to the action. The only corroboration claimed is the answer of the defendant and the exemplification of the record of the Pennsylvania suit filed in the case. The plaintiff testified that one act

### Cunningham v. Cunningham.

of extreme cruelty on the part of the defendant was his charging her with the commission of adultery in the suit pending in Pennsylvania, which charge she testified was untrue.   The record shows that by an answer filed in the suit in Pennsylvania she denied the truth of the same charges.   The trouble with her corroboration is that the record proves too much.   It does, indeed, prove that the defendant charged her with adultery in the action brought by him in the state of Pennsylvania, but it also proves that the adjudication of the issue made up by that charge and the denial thereof by the defendant therein, plaintiff herein, resulted in a finding that she was guilty as charged.   So that the very proof which she claims to be corroborative of her testimony is in fact a refutation of her testimony on that point and leaves her without any corroboration upon any material allegation which she is required to prove in order to entitle her to a divorce under the laws of Ohio.

In view of what has been said it is unnecessary to discuss the evidence relating to the plaintiff having acquired a residence in Ohio.   Even assuming that the evidence is sufficient to show that she had established her residence in Ohio, the judgment of the court in entering a decree in this case was entirely erroneous. The motion of the defendant to dismiss the petition of the plaintiff, made at the close of the plaintiff's evidence and renewed at the close of all the evidence, should have been granted.

The judgment of the common pleas court will therefore be reversed and this court will proceed to enter the judgment that should have been rendered by the common pleas court, dismissing the petition of the plaintiff at her costs.

Richards, J., concurs.

Kinkade, J.   I concur in the judgment of reversal and the entering of final judgment here.